IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALFRED HARDY, #186 078, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-607-MHT |
| | ) | [WO] |
| JACKIE BENNETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff files this 42 U.S.C. § 1983 action against court reporter Jackie Bennett, the Alabama Department of Corrections Health Services, and Alabama Mental Health. He asserts that he cannot pay for a copy of his trial transcript and requests he be provided with a copy because he is indigent.  Upon review , the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  DISCUSSION

The United States Supreme Court has held that states violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment if they condition a defendant's exercise of a right to appellate review upon his ability to pay for that right. *See Griffin v. Illinois*, 351 U.S. 12, 18-20 (1956). Therefore, states must provide indigent defendants "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal."  *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). Courts have generally held, however, that an indigent defendant has no constitutional right to a personal copy of the criminal trial transcript when a copy of the transcript has been provided to his or her counsel.  *See Anderson v. Tomasic*, 930

_____

[1] A prisoner who is allowed to proceed in forma pauperis in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

F.2d 32 (10th Cir. 1991); *Guy v. Watkins*, 579, F. Supp. 1019, 1021 (E.D. Pa. 1984). Further, an indigent defendant does not have a constitutional right to a free copy of his transcript or other court records for a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975) (an inmate seeking collateral review of his conviction is not entitled to a free copy of court documents "merely because he is indigent."); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973) (an indigent inmate has no constitutional right to free copy of trial transcript for pursuing state post-conviction remedies and failure to provide such copy did not violate inmate's equal protection rights); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971) (no constitutional right to free copies of records solely because individual lacks funds to purchase copies).

Plaintiff requests a copy of his trial transcript in "Case # CC 95-2007." It, thus, appears Plaintiff seeks a copy of a trial transcript from his 1995 criminal proceedings.[2] Without more, however, Plaintiff has no federally protected right to obtain a free copy of his trial transcript. There is also no allegation, much less indication that Plaintiff's lack of access to that criminal trial transcript has denied him access to the courts and/or hindered his ability to present any non-frivolous legal claims to the courts. *See Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Lewis v. Casey*, 518 U.S. 343 (1996); *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir.2006).

Under the facts, Plaintiff's claim that Defendant Bennett has not provided him with a free copy of his 1995 state court criminal trial transcript fails to state a claim of constitutional magnitude. Plaintiff's complaint against Defendant Bennett is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. The Alabama Department of Corrections Health Services and Alabama Mental Health*

---

[2] *See http://www.doc.state.al.us.*

Plaintiff files suit against the Alabama Department of Corrections Health Services and Alabama Mental Health. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections Health Services and Alabama Mental Health is "based on an indisputably meritless legal theory," these defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

I     It is further

ORDERED that **on or before December 28, 2015**,  Plaintiff may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of December, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE